UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NORMAN PETE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-240** |
| **TRAVIS DAY, WARDEN** | **SECTION "E"(4)** |

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* **28 U.S.C. § 2254(e)(2)**.[1]

**I.    Factual and Procedural Background**

    **A.    Prior State Court Proceedings**

Petitioner Norman Pete ("Pete") is a convicted inmate incarcerated at the B.B. "Sixty" Rayburn Correctional Center in Angie, Louisiana.[2] On March 4, 2004, Pete was charged by Bill of Information in Orleans Parish on two (2) counts of forcible rape and one (1) count of second degree kidnapping.[3] On March 9, 2004, Pete pleaded not guilty to the charges.[4] At a hearing held on January 14, 2008, the state trial court denied a number of Pete's pretrial motions.[5] Pete immediately entered a plea of guilty as charged on all counts reserving his right under *State v. Crosby*, to seek appellate review of the trial court's denial of his initial motion to quash the bill of

---

[1] Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.
[2] ECF No. 4. For some reason, the clerk refiled the original petition, ECF No. 1, as ECF No. 4.
[3] St. Rec. Vol. 1 of 4, Bill of Information, 3/4/04 (as amended 4/12/07).
[4] St. Rec. Vol. 3 of 4, Minute Entry, 3/9/04.
[5] *Id.*, Plea Minutes, 1/14/08.

information.[6] *See State v. Crosby*, 338 So. 2d 584 (La. 1976). The state trial court sentenced Pete to serve concurrent sentences of twenty (20) years on each count.[7] The State also filed a multiple offender bill charging Pete as a second-felony offender to which Pete entered a plea of not guilty.[8] Pete eventually pleaded guilty to the multiple offender bill on January 20, 2011.[9] Pete was resentenced as a second-felony on all counts to serve concurrent sentences of twenty (20) years on each count as a multiple offender, again reserving his right to appeal under *Crosby*.[10]

On March 20, 2013, the Louisiana Fourth Circuit affirmed Pete's convictions, his multiple offender sentence as to count one, and vacated the multiple offender sentences on counts two and three.[11] The court remanded the matter for resentencing on counts two and three.[12]

On May 3, 2013, the state trial court resentenced Pete on counts two (2) and three (3) to serve concurrent sentences of twenty (20) years in prison on each count.[13]

Prior to his resentencing, on April 12, 2013, Pete filed an application for post-conviction relief in the state trial court, which the court denied as meritless on April 30, 2013.[14] The Louisiana Fourth Circuit and the Louisiana Supreme Court each summarily denied Pete's subsequent writ applications.[15]

On November 7, 2017, Pete filed a motion with the state trial court seeking to correct his sentence as illegal.[16] The state trial court denied the motion on December 4, 2017, as procedurally

---

[6] *Id*.
[7] *Id*.
[8] *Id*.; *id*., Multiple Bill, 1/14/08.
[9] *Id*., Multiple Bill Sentencing Minutes, 1/10/11.
[10] *Id*.
[11] *State v. Pete*, 112 So. 3d 353 (La. 4th Cir. 2013); St. Rec. Vol. 3 of 4, 4th Cir. Opinion, 2012-KA-0378, 3/20/13.
[12] *Id*.
[13] St. Rec. Vol. 4 of 4, Minute Entry, 5/3/13.
[14] *Id*., Post-Conviction Application, 4/12/13; *id*., Trial Court Judgment, 4/30/13.
[15] *State ex rel. Pete v. State*, 130 So. 3d 944 (La. 2014); St. Rec. Vol. 4 of 4, La. S. Ct. Order, 2013-KH-1620, 1/17/14; *id*., 4th Cir. Order, 2013-K-0732, 6/14/13.
[16] *Id*., Motion to Correct Illegal Sentence, 11/7/17.

2

improper and for seeking untimely post-conviction relief under La. Code Crim. Proc. 930.8.[17] The Louisiana Fourth Circuit and the Louisiana Supreme Court each summarily denied Pete's subsequent writ applications.[18]

Pete filed another application for post-conviction relief in the state trial court on December 4, 2020.[19] The state trial court denied the application, finding Pete's claims of ineffective assistance of counsel to be meritless on July 29, 2021.[20] The Louisiana Fourth Circuit summarily denied Pete's writ application on September 27, 2021.[21] On January 19, 2022, the Louisiana Supreme Court denied Pete's subsequent writ application because he previously exhausted his right to state collateral review.[22]

### B.  Prior Federal Habeas Petitions

While his state court matters were pending, on April 11, 2009, Pete filed an application for federal habeas corpus relief in this federal Court.[23] The Court initially dismissed the petition without prejudice on August 11, 2009, finding that Pete had failed to exhaust his state court remedies prior to seeking federal habeas corpus relief.[24] After pursuing several years of state post-conviction review, on January 20, 2014, Pete filed a successful motion in this Court to reopen the federal habeas corpus proceedings in Civ. Action 09-3403.[25] The Court eventually dismissed Pete's petition with prejudice, finding no merit in his claims for relief. *See* Pete *v. Tanner*, No. 09-

---

[17] *Id*., Trial Court Judgment, 12/4/17.
[18] *State v. Pete*, 254 So. 3d 689 (La. 2018); St. Rec. Vol. 4 of 4, La. S. Ct. Order, 2018-KH-0258, 10/15/18; *id*., 4th Cir. Order, 2018-K-0009, 1/12/18.
[19] *Id*., Post-Conviction Application, 12/4/20.
[20] *Id*., Trial Court Judgment, 7/29/21.
[21] St. Rec. Vol. 4 of 4, 4th Cir. Order, 2021-K-0520, 9/27/21.
[22] *State v. Pete*, 330 So. 3d 1092 (La. 2022); St. Rec. Vol. 4 of 4, La. S. Ct. Order, 2021-KH-1572, 1/19/22.
[23] Civ. Action 09-3403"N" (3).
[24] *Id*., ECF No. 8.
[25] *Id*. at ECF No. 16, 22.

3403, 2015 WL 3404881 (E.D. La. May 26, 2015). The United States Fifth Circuit Court of Appeals also denied issuance of a certificate of appealability on March 2, 2016. *See Pete v. McCain*, No. 15-30499 (5th Cir. Mar. 2, 2016). On May 31, 2016, the United States Supreme Court also denied Pete's related petition for writ of certiorari. *See* Pete *v. McCain*, 578 U.S. 1015 (2016).

In 2017, Pete filed another federal habeas corpus petition, Civ. Action 17-1802"N"(3), challenging his same state guilty plea and conviction. Because that application was a second or successive petition, the Court construed it in part as a motion for authorization for the District Court to consider the second or successive claims raised therein.[26] The Court then transferred the petition to the United States Fifth Circuit Court of Appeals for that Court to determine whether Pete was authorized under 28 U.S.C. § 2244(b) to file the application.[27] The Fifth Circuit Court of Appeals denied authorization on June 21, 2017.[28]

Pete filed another petition under Civ. Action 18-10535"R" (3).[29] Again, this Court transferred to the Fifth Circuit as a request for authorization to file a second or successive petition.[30] The Fifth Circuit Court of Appeals denied authorization on December 17, 2018.[31]

## II. Current Federal Petition

Under the applicable mailbox rule,[32] Pete filed the instant federal petition on January 31, 2022, again challenging his 2008 state court guilty plea and conviction. He asserts that the state

---

[26] Civ. Action 17-1802, ECF No. 6.
[27] *Id*.
[28] *Id*., ECF No. 7 (5th Cir. Order, App. No. 17-30251, 6/21/17).
[29] Civ. Action 18-10535, ECF No. 2.
[30] *Id*.
[31] *Id*., ECF No. 4 (5th Cir. Order, App. No. 18-31185, 12/17/18).
[32] The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, submitted to federal courts by prisoners acting *pro se*. Under this rule, the date when prison

trial court lacked jurisdiction to increase his sentence as a result of his plea deal. ECF No. 4. He also alleges that he was without assistance of counsel when his state post-conviction application was denied on procedural grounds in violation of *Martinez v. Ryan*.[33] *Id*.

The State filed an opposition asserting that Pete's petition is a prohibited second or successive petition. ECF No. 8. The State further asserted that this Court has no jurisdiction without authorization from the United States Fifth Circuit for Pete to proceed, which he did not obtain. *Id*. The State notes that Pete's first claim is identical to a claim previously asserted in Civ. Action 18-10535, for which authorization was denied. *Id*. The State further notes his second claim was inexplicably not included in his prior petition. *Id*. The State urges that the Court dismiss the petition with prejudice for lack of jurisdiction. *Id*. Pete filed a reply addressing the merits of his claims. ECF No. 11.

### III. Discussion

Based on the foregoing history, this is Pete's third federal habeas petition under § 2254 challenging his Orleans Parish conviction. Therefore, the Court must consider its jurisdiction. The AEDPA, which went into effect on April 24, 1996, comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2244, which now requires that a petitioner obtain authorization from the appropriate circuit court to file a second or successive habeas petition.[34] Sections

---

officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). Pete dated his signature on the form petition on January 31, 2022, which is the earliest date appearing in the record on which he could have presented his pleadings to prison officials for mailing to this Court. The Court also notes that the prison placed a "not censored" stamp on the envelope with the date February 1, 2022. ECF No. 1, at 11 (refiled as ECF No. 4).
[33] *See Martinez v. Ryan*, 566 U.S. 1, 132 S. Ct. 1309 (2012).

[34] *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). The AEDPA was signed into law on that date and does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. *United States v. Sherrod*, 964 F.2d 1501, 1505 (5th Cir. 1992).

2244(b)(1) and (2) provide that a district court lacks jurisdiction and must dismiss any new or previously asserted claims presented in a second or successive § 2254 habeas corpus petition. *See* 28 U.S.C. § 2244(b)(1) and (2). Before any second or successive federal habeas claim or petition may be pursued in the district court, it must *first* be submitted to the appropriate federal appeals court, which may grant or deny leave to file it in the district court. *See* 28 U.S.C. § 2244(3).

The United States Fifth Circuit Court of Appeals has recognized that the AEDPA did not define the phrase "second or successive" in Section 2244. For guidance, the Fifth Circuit has examined pre-AEDPA law defining those same terms under Rule 9(b) of the Rules Governing Section 2254 Cases:

> Section 2244(b) does not define "second or successive" petition. The specific language in the Act is derived from Rule 9(b), Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254, which states that "[a] second or successive petition may be dismissed if . . . it fails to allege a new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, . . . the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ." Although the AEDPA's amendment to § 2244 imposes stricter requirements for "second or successive" petitions than the pre-AEDPA "abuse of the writ" standard in Rule 9(b), *nothing in the AEDPA affects the determination of what constitutes a "second or successive" petition.*

(emphasis added) *In re Gasery*, 116 F.3d 1051, 1052 (5th Cir. 1997) (citation omitted).

Federal courts recognize a distinction between permissible subsequent petitions and impermissible ones in which prisoners "repeatedly [attack] the validity of their convictions and sentences." *See In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). "[T]hese repeated attacks, which often take on new forms as the legal landscape shifts, are the evil against which [the] AEDPA is directed and the counterpoint to the rule laid out in *Cain*." *Leal-Garcia v. Quarterman*, 573 F.3d 214, 221-222 (5th Cir. 2009) (citing *In re Cain*, 137 F.3d at 235, 236 n.1).

The Fifth Circuit has established that under the AEDPA "a prisoner's application is not second or successive simply because it follows an earlier federal petition." *See In re Cain*, 137 F.3d at 235.  A later-filed petition is second or successive when it: "1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." *See id*. This provision has been described as a "modified res judicata rule" that bars claims ripe for disposition at the time the original petition was filed, but which were inexcusably not raised in that earlier petition. *See United States v. Orozco-Ramirez*, 211 F.3d 862, 868–871 (5th Cir. 2000); *see also Graham v. Johnson*, 168 F.3d 762, 773 (5th Cir. 1999) (citing *Felker v. Turpin*, 518 U.S. 651, 655-58, 662-63 (1996)).  A petition containing such claims is impermissibly second or successive and requires the petitioner to obtain authorization from the certificate court before filing. *See* 28 U.S.C. § 2244(3); *see also Orozco-Ramirez*, 211 F.3d at 868-71.

Where there has been an adjudication on the merits in the prior proceeding, a subsequent petition is considered a prohibited "second or successive" petition. *Compare Graham*, 168 F.3d at 773 ("Under current law, however, it is clear that an application filed after a previous application was *fully adjudicated on the merits* is a second or successive application within the meaning of 28 U.S.C. § 2244(b), even if it contains claims never before raised.") (emphasis added); with *Barrientes v. Johnson*, 221 F.3d 741, 751 (5th Cir. 2000) (when prior petition is dismissed with*out* prejudice, subsequent filing is not successive) (citing *Slack v. McDaniel*, 529 U.S. 473, 486-87 (2000) (subsequent filing not successive when prior filing was dismissed with*out* prejudice)). (emphasis added).

Pete's first federal habeas petition was dismissed with prejudice on a finding that his claims were meritless.[35] Thus, under the foregoing standards, Pete's current federal habeas petition is a prohibited second or successive petition as defined under § 2244(b). As with his last two petitions, before the petition can be filed in this Court, Pete must obtain authorization to file this second or successive petition from the United States Court of Appeals for the Fifth Circuit in accordance with § 2244(b)(3)(A). § 2244(b)(3)(A) provides, in part, that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." The Fifth Circuit's records do not reflect that Pete has obtained authorization to file this petition. Until he obtains the authorization, this Court is without jurisdiction to consider his petition. *See Mead v. Cain*, 438 F. App'x 340, 341 (5th Cir. 2011) (citing *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000)).

As discussed above, pursuant to 28 U.S.C. §§ 2244(b)(1) and (2), a district court *shall* dismiss any new or previously raised claim presented in a second or successive Section 2254 petition. Section 2244(b)(2), specifically, allows for the dismissal of successive claims and petitions that do not meet the particular listed exceptions. Furthermore, the Federal Rules of Civil Procedure direct that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added).

In the interests of justice, however, a district court *may* transfer a petition under 28 U.S.C. § 1631 to resolve its jurisdiction. In *In re Epps*, the Fifth Circuit adopted a specific procedure to be employed when a successive habeas petition is transferred from a district court under § 1631

---

[35] *See* Pete *v. Tanner*, No. 09-3403, 2015 WL 3404881 (E.D. La. May 26, 2015).

8

for consideration as a request for authorization and to cure the jurisdictional question. *See In re Epps*, 127 F.3d 364 (5th Cir. 1997). *In re Epps* implies that transfer of successive habeas corpus petitions to the Fifth Circuit for consideration under Section 2244 can be proper instead of dismissal. *See id*.

The State has argued that Pete's third petition fails to qualify for authorization. ECF No. 8. Taken together, the circumstances of Pete's repetitive filings, along with the importance of the jurisdictional issue, convince the Court that dismissal in this case, rather than a third transfer, under *In re Epps*, is the appropriate result at this time.

As discussed above, Pete has had notice on two (2) prior occasions that he is required to seek authorization before attempting to file again in this Court. As cited above, in each instance where this Court provided the benefit of transfer under *In re Epps*, the Fifth Circuit has declined to authorize successive filing by Pete. The Fifth Circuit may well decide to authorize the filing of this petition, but it should be because Pete has requested that permission and filed his request directly with the Fifth Circuit. This Court need not continue to seek out that authority to hear Pete's successive petitions when he has not done so on his own.  The applicable jurisdictional framework dictates that the authorization is a determination for the Fifth Circuit to make when a petition seeks it.  Pete repeatedly fails to seek that authorization and should be required to meet his burden to do so.

While this Court *may* transfer this petition under *In re Epps*, it is not required or compelled in this case.  Of course, in the alternative, if the reviewing Court determines that a third transfer is in the interests of justice, Pete's petition may be transferred to the United States Fifth Circuit to cure jurisdiction pursuant to the procedure outlined in *In re Epps*. *See In re Epps*, 127 F.3d at 364.

9

### IV.     Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Pete's petition be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction and for Pete's failure to establish authorization to proceed with a second or successive petition.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[36]

New Orleans, Louisiana, this 7th day of September, 2022.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[36]*Douglass* referenced the previously applicable ten (10) day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen (14) days.